OPINION
{¶ 1} In this accelerated appeal, submitted on the briefs of the parties, appellants, Attorney Albert C. Nozik and Eleanor S. McDonald, n.k.a. Eleanor S. Nozik ("Noziks"), appeal a decision of the Painesville Municipal Court setting their case for a trial de novo and repealing their judgment lien against appellee, Anthony Cic, d.b.a. A.B.C. Automotive ("Cic").
{¶ 2} On July 10, 1999, Albert Nozik brought his wife's car in for an estimate of repairs to Cic, in Painesville, Ohio. Cic estimated the repairs at $1,143.68. The written estimate included the language, "[t]he above is an estimate based on our inspection and does not cover additional parts or labor which may be required after the work has been opened up. Occasionally, after work has started, more parts are discovered which are not evidenced upon the first inspection. Because of this, the above prices are not guaranteed."
{¶ 3} Mr. Nozik dropped off the car on November 4, 1999, and rented a car from Cic. Mr. Nozik agreed to pay a rental price of $15 per day for the rented car. Cic called Mr. Nozik to inform him an additional fee would be necessary to completely restore the car. Mr. Nozik informed Cic, "[d]o what you have to do to make the car look nice-if acceptable, I will pay the additional costs." Mr. Nozik also requested a number of additional minor repairs to the car at that time.
{¶ 4} Cic called Mr. Nozik on November 20, 1999, to inform him that the car was finished and that the repairs totaled $1,348.68. Cic never charged the Noziks for the rental car. The total cost exceeded the estimate by $205. Mr. Nozik refused to pay any money toward the car repairs.
{¶ 5} The Noziks filed a claim against Cic in Mentor Municipal Court seeking damages and repossession of the vehicle. Cic subsequently filed a small claims complaint in Painesville Municipal Court against the Noziks, seeking to be compensated for the work performed. The Painesville Court issued a decision in favor of Cic in the amount of $2,710.68. The Noziks filed a motion for relief from judgment in the Painesville case. The Painesville Court issued a judgment entry, dismissing the Painesville case and holding that all matters should have been handled in the Mentor Court. The Noziks filed a motion for sanctions in the Painesville Court, claiming that the complaint that had been dismissed in the Painesville Court was frivolous. The Painesville Court ultimately rendered a decision in favor of the Noziks on September 18, 2001.
{¶ 6} On September 26, 2001, Cic filed objections to the magistrate's decision and a request for findings of fact and conclusions of law. The Noziks filed a judgment lien on Cic's property. On October 26, 2001, the magistrate issued an amended decision, including findings of fact and conclusions of law. On October 29, 2001, Cic requested that the judgment liens be repealed, pending objections to the magistrate's decision. On October 30, 2001, the Painesville Court issued a judgment entry, repealing the judgment lien, as the objections were pending.
{¶ 7} On November 8, 2001, Cic filed objections to the amended magistrate's decision and filed a transcript of proceedings. Subsequently, on November 29, 2001, the Noziks filed a motion to strike objections to the magistrate's decision, to strike the judgment entry, dated October 30, 2001, and to grant the Noziks' motion for sanctions.
{¶ 8} On January 14, 2002, the Painesville Court issued a judgment entry overruling each of the Noziks' motions. In a separate judgment entry dated the same day, the court vacated its prior judgment that had granted judgment in favor of the Noziks and set the matter for a trial de novo before a magistrate.
{¶ 9} The Noziks filed notice of appeal with this court in this matter, setting forth two assignments of error. The first assignment of error is:
{¶ 10} "The trial court committed prejudicial error and lost jurisdiction over the motion for sanctions filed by appellants by virtue of Judge Cicconetti's execution of his final order of September 18, 2001. (Exhibit "A"); and in setting the case for trial de novo."
{¶ 11} The second assignment of error is:
{¶ 12} "The trial court committed prejudicial error and lost jurisdiction in ordering a judgment lien issued and filed upon the final order of January 18, 2001 (sic), for $5,813.75 plus interest with the Clerk of Lake County Court of Common Pleas to be 'repealed and removed as if never filed.'"
{¶ 13} In both assignments of error, the Noziks argue that the judgment entry, dated September 18, 2001, which granted their motion for sanctions, was a final order and, as such, the trial court lacked jurisdiction to issue any subsequent judgment entries and to order a trial de novo.
{¶ 14} Pursuant to Civ.R. 53(E)(3), a party may file objections to a magistrate's decision within fourteen days of the filing of the magistrate's decision. Moreover, a trial court may adopt the magistrate's decision without waiting for objections to be filed. However, once objections to a magistrate's decision have been filed, those objections operate as an "automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered."
{¶ 15} In the instant case, after the magistrate's decision was issued on September 18, 2001, the court adopted the magistrate's decision that same day. Cic filed objections to the magistrate's decision on September 26, 2001, well within the fourteen-day time limit set forth in Civ.R. 53(E)(3). Pursuant to Civ.R. 53(E)(4)(c), those objections acted as an "automatic stay" of the September 18, 2001 judgment. Cic then requested findings of fact and conclusions of law, which were issued by the magistrate and adopted by the trial court. Cic then filed objections to that decision, which operated as a stay to the subsequent magistrate's decision. After consideration, the trial court then vacated the prior judgment in favor of the Noziks and ordered a trial de novo, all within the limits of Civ.R. 53.
{¶ 16} Thus, the Noziks' argument that the trial court's September 18, 2001 judgment entry was a "final order" which then relieved the trial court of jurisdiction over the matter is in direct contradiction to Civ.R. 53.
{¶ 17} Through the filings of various motions and the appeals process, the Noziks have attempted to avoid paying for an automobile repair that totaled approximately $1,500. The trial court has now ordered a trial de novo to resolve a matter, for which the time for resolution has long since come and gone. We agree with the trial court's decision and hold that both of the Noziks' assignments of error are clearly without merit.
{¶ 18} The judgment of the trial court is affirmed.
DONALD R. FORD, P.J., and ROBERT A. NADER, J., Ret., Eleventh Appellate District, sitting by assignment, concur.